## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 23-6278

THAD C. FURMAN, APPELLANT,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

Before ALLEN, *Chief Judge*, and PIETSCH and TOTH, *Judges.*

### O R D E R

Appellant Thad C. Furman appeals through counsel an August 30, 2023, Board of Veterans' Appeals (Board) decision that denied service connection for a bilateral ankle disability and a bilateral knee disability.[1] R. at 5-15. On May 28, 2025, this case was submitted to a panel of the Court to address the distinction and overlap between the Fully Developed Appeals Program (FDAP) under section 4(b) of the Veterans Appeals Improvement and Modernization Act of 2017 (AMA), and the Rapid Appeals Modernization Program (RAMP), which was implemented under section 4(a) of the AMA. *See* AMA, Pub. L. No. 115-55, § 4(a), 131 Stat. 1105, 1119 (Aug. 23, 2017); AMA § 4(b), 131 Stat. 1105, 1119-23 (Aug. 23, 2017). Specifically, the panel was asked to address whether the rules governing the FDAP apply to appeals that were opted in to RAMP before February 19, 2019, even if VA never implemented this program. The panel was also asked to address whether the 2018 RAMP opt-in letter sufficiently notified the appellant that if he elected to opt in to RAMP, his appeal would be withdrawn from the legacy process completely and he would forfeit VA's duty to assist in an eventual appeal to the Board. Pub. L. No. 115-55, § 2, 131 Stat. at 115.

On July 8, 2025, the appellant filed a motion for leave to file a motion for oral argument, as well as an opposed motion for oral argument. On August 25, 2025, the panel issued an order seeking supplemental memoranda of law to help resolve this matter. The Court also held the appellant's motion for leave to file a motion for oral argument and motion for oral argument in abeyance pending further order of the Court. The Secretary responded to the August 25, 2025, order on November 24, 2025, and the appellant responded to the August 25, 2025, order on February 12, 2026. On March 17, 2026, the Court ordered that oral argument take place on June 24, 2026.

---

[1] The Board remanded the matters of (1) entitlement to service connection for an acquired psychiatric disorder, to include post-traumatic stress disorder (PTSD); (2) a bilateral shoulder disability; and (3) a skin disorder, to include contact dermatitis and psoriasis. But those matters are not before the Court at this time. *See Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order) (holding that a Board remand "does not represent a final decision over which this Court has jurisdiction"); *Hampton v. Gober*, 10 Vet.App. 481, 483 (1997) (holding that claims remanded by the Board may not be reviewed by the Court).

On June 12, 2026, the parties filed a joint motion for partial remand (JMPR). In this JMPR, the parties asked that the Court vacate the part of the August 30, 2023, Board decision that denied entitlement to service connection for a bilateral ankle disability and a bilateral knee disability. Motion at 1. The parties agreed that a remand is warranted for the Board to provide an adequate statement of reasons or bases that addresses whether VA's duty to assist to obtain a VA examination was triggered at the time of a February 2019 rating decision and whether remand to the regional office (RO) to correct a duty-to-assist error is required. *Id*. at 2-5. The parties also requested that the Court not disturb the parts of the August 30, 2023, Board decision that remanded the issues of entitlement to service connection for an acquired psychiatric disorder, to include PTSD; (2) a bilateral shoulder disability; and (3) a skin disorder, to include contact dermatitis and psoriasis. *Id*. at 1. In addition, the parties agreed to unequivocally waive any right to appeal the Court's order responding to this joint motion, and the parties asked that the Court enter mandate when it issues an order granting the JMPR.

The Court will grant the JMPR. In a June 16, 2026, order, the Court revoked the March 17, 2026, order and canceled the oral argument scheduled for June 24, 2026. Based on the parties' explicit waiver of further Court review and their appellate rights, under Rule 41(c) of the Court's Rules of Practice and Procedure this order will serve as mandate of the Court. *See Bly v. Shulkin*, 883 F.3d 1374, 1377 (Fed. Cir. 2018).

Upon consideration of the foregoing, it is

ORDERED that the July 8, 2025, motion for leave to file a motion for oral argument is granted; It is further

ORDERED that the July 8, 2025, motion for oral argument is granted. It is further

ORDERED that the June 12, 2026, joint motion for partial remand is granted. It is further

ORDERED that the Board's August 30, 2023, decision denying entitlement to service connection for a bilateral knee disability and a bilateral ankle disability is VACATED and those matters are REMANDED for additional proceedings in accordance with the terms of the parties' joint motion for partial remand. It is further

ORDERED, consistent with Rule 41(b) of the Court's Rules of Practice and Procedure, that this order is the mandate of the Court.

DATED: June 30, 2026                                          PER CURIAM.

2